## THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENTS, *v.* MICHAEL E. McGLOIN, APPELLANT.

*Evidence — when the confession of a prisoner made to an officer is admissible against him — Code of Criminal Procedure, secs.* 198, 199 *and* 200 — *A person convicted and sentenced for a crime is a competent witness — Code of Civil Procedure, sec.* 832, *as amended by chapter* 542 *of* 1879.

An inspector of police, upon arresting one accused of murder, told him who he was; that he had seen him attempt to steal a barrel of whisky the night before, and that he knew about the pledging of the pistol with which the murder was committed. He made no threats and held out no inducements to lead the prisoner to make a statement. The prisoner having said he would make a statement, a coroner was sent for, who informed him that he had the privilege and right either to make a statement or not. The prisoner then made a statement and confession under oath.

*Held,* that it was properly received in evidence upon his trial, under section 395 of the Code of Criminal Procedure.

Sections 198, 199 and 200 of the Code of Criminal Procedure apply to an examination before a magistrate for the purpose of ascertaining whether or not a crime has been committed, and not to any proceeding before a coroner.

Under section 832 of the Code of Civil Procedure, as amended by chapter 542 of 1879, providing that a person who has been *convicted* of a crime or misdemeanor is, notwithstanding, a competent witness in a civil or criminal action or special proceeding, a person convicted and *sentenced*, as well as one convicted only, is a competent witness.

APPEAL from a judgment of the Court of General Sessions for the city and county of New York, convicting the appellant of murder in the first degree.

*William F. Howe,* for the appellant.

*John R. Fellows,* for the respondent.

BRADY, P. J.:

The prisoner was indicted for the commission of the offense of murder in the first degree. There were two counts in the indictment. The first charged the killing of one Hanier while the prisoner with others was engaged in the perpetration of a felony; the second count charges that the prisoner with other persons having, on the 30th of December, 1881, made an assault upon the person of the deceased with a pistol loaded with powder and ball, and with a deliberate and premeditated attempt to kill Hanier, and in pursuance of such deliberate and premeditated intent did kill him. On the trial proof having been given tending to show the commission of the burglary in which the prisoner had participated, and of circumstances also tending to establish the fact that the prisoner while so engaged fired the fatal shot, a statement made by him before one of the coroners of this city was offered in evidence. This statement is a confession of the crime of burglary and the shooting of the deceased by him. Its reception in evidence was objected to on his behalf upon the ground that it had been obtained by threats and improper influence, and was not in conformity to the provisions of the statute in reference to statements made before magistrates.

It appeared in regard to it that the prisoner was arrested by Inspector Byrnes, to whom he said that he did not know what he was charged with, whereupon he was told that he was charged with the shooting of Louis Hanier. He was then asked by the inspector if he knew who he was, and was told by the latter that he was an inspector of police. The inspector then said: "I told him I saw

him do several things, and try to steal in South Fifth avenue the night before I arrested him. I told him I had been watching him since the shooting and saw him in company with a man named Healy, and saw him try to steal a barrel of whisky the night before I arrested him." He also said : " I told him about the pledging of the pistol" (that is, the pistol with which the shooting was done). In answer to a question by the court, " Did you make any threats to this man ?" Inspector Byrnes said, " No, I did not." He was then asked by the recorder, " Did you hold out any inducement to him ?" and he answered, " No, sir, I did not; not any ;" and, further, " You merely stated what you did ?" and he replied, " Yes, sir ;" and, further, "And that you were an inspector of police ?" and he replied, " Yes, sir." The inspector then further testified : " McGloin said he would make a statement; I said I would send for Coroner Herrman to take it." And it appears by the statement that McGloin was informed by Coroner Herrman of the matter which was before him, and that he had the privilege and right either to make a statement or not. It also appears by his confession that the coroner called his attention to the fact that he should consider well before he made a statement as he would ask more from him regarding the shooting of Hanier. It does not appear, however, from the statement itself that any questions whatever were asked by the coroner.

The statement which is contemplated by the statute is regulated by the provisions of the Code of Criminal Procedure, sections 198, 199 and 200. But these provisions apply to an examination before a magistrate for the purpose of ascertaining whether or not a crime has been committed, and not to any proceeding before a coroner. The statement, therefore, cannot be declared to have been taken under or in reference to these provisions; indeed, it must be regarded as entirely extra judicial. It is governed and controlled, therefore, in its value and effect by section 395 of the Code of Criminal Procedure, which provides that a confession of a defendant, whether in the course of judicial proceedings or to a private person, can be given in evidence against him, unless made under the influence of fear produced by threats. Whatever may have been the rule prior to the enactment of this section, the law of this State is now settled by its features because the objection

to the confession is limited, it would seem, to the proposition that it was made under the influence of fear produced by threats.

In this case it is quite evident that no threats were made and no inducements held out. Inspector Byrnes advised the prisoner that he had been watching him and knew of certain acts that he had committed, and that is all; and the prisoner before he made his statement was duly advised that he was under no obligation to make it, and that he should consider well before so doing. There seems to be no doubt that a confession under such circumstances would have been admissible prior to the enactment of the statute to which reference has been made.

It was declared in the case of *Cox* v. *The People* (80 N. Y., 515), that it was not sufficient to exclude a confession by a prisoner that he, was under arrest at the time it was made, or that it was made to the officer in whose custody he was, or in answer to questions put by him, or that it was made under hope or promise of a benefit of a collateral nature. In that case the officer who made the arrest said to Cox, "You're in a bad fix;" which was substantially what Inspector Byrnes said to the prisoner here, when he informed him that he had been watching him and knew of certain acts of his, including the pawning of the pistol with which the fatal shot was fired.

But the section in the Code of Criminal Procedure, in phraseology at least, limits the objection to a confession to the ground simply that it was made under the influence of fear produced by threats; and therefore no matter what may have been the rule heretofore, as already suggested if the confession was not the result of fear produced by threats, or it may be by inducements held out, if the statute should ultimately be so construed, it may be admitted in evidence against the prisoner. For these reasons it is considered that this objection to the reception of the confession was properly overruled.

It was also urged against the reception of the confession that it was one to which the prisoner had been sworn and which made it, it was contended, particularly objectionable under the authorities. The learned counsel for the prisoner seems to treat the confession as a statement made by a witness upon an examination in a proceeding before a magistrate. We have seen that this view cannot be sus-

tained. It was not taken during the ordinary investigation which takes place before a coroner as to a death and its cause, nor was the prisoner a witness. Not only that, but he knew the offense of which he was charged and made the statement after being advised of it, and voluntarily.

In the case of *Teachout* v. *The People* (41 N. Y., 7), the subject of verified statements was considered and questions relating to them determined, and it was held that the statement of a person advised that he was charged with an offense and made when examined as a witness, might be given in evidence against him, notwithstanding that it was made under oath and in a proceeding which related to the crime itself. If the confession, therefore, should be regarded as the prisoner's statement upon the stand as a witness, after having been advised, as he was, of the charge made against him, it would have been admissible on the authority of the case cited, and the exception founded on the proposition just considered is therefore unavailable. The objections to the admission of the confession thus considered were properly overruled for these reasons and the confession itself properly admitted in evidence.

It is also urged on behalf of the prisoner that the testimony of one Frederick Banfield, who had been convicted and sentenced for the commission of a felony and had not been pardoned, should not have been received in evidence, although no objection was made on the part of the prisoner to his examination or to the testimony which he gave. His evidence related to statements made by the prisoner to him affecting the question of his guilt. The objection rests upon the section of the Revised Statutes which declares that a person who is sentenced for the commission of a felony shall not be competent to testify in any cause, matter or proceeding, civil or criminal, unless he be pardoned by the governor or by the legislature, except in cases specially provided by law. (3 R S. [Banks' 6th ed.], 994, § 43.) By chapter 448, Laws of 1876, section 832, it was declared, however, in antagonism to this section, that a person convicted of a crime or misdemeanor is, notwithstanding, a competent witness, but the conviction may be proved for the purpose of affecting the weight of his evidence, and a doubt having arisen as to whether the section applied to criminal prosecutions, the legislature, in 1879, in order to remove it (see chap. 542, Laws of that year), amended the section

by adding after the words " competent witness," the words " in a civil or criminal action or special proceeding." The same provision is contained in section 714 of the Penal Code, passed in 1881.

The witness objected to had not only been convicted, but sentenced, and the counsel for the plaintiff in error thinks, because of the latter incident, the provisions of the Revised Statutes referred to apply, and not those of the Code. He contends that the legislature not having, in express words, repealed them, intended, by leaving them thus unrepealed, to make a distinction between criminals convicted and sentenced, allowing the former to be witnesses and the latter not.

This view, assuming that the plaintiff in error has the right to present the question involved for consideration, cannot be sustained. It is the conviction and not the sentence which creates the objectionable event in the life of the witness and is the primary cause of his disqualification. A person convicted might not be sentenced before being called as a witness, either because of delay in the performance of that ceremony, or because of the suspension of judgment. The sentence is the result of the conviction and pronounced as a punishment for the crime committed, and is therefore secondary in its nature. The greater includes the lesser. The provision of the Revised Statutes is repealed by implication, because it and that in the Code are utterly inconsistent with each other.

It would be absurd to hold that the legislature intended to absolutely disqualify as a witness a person who was sentenced for the commission of a crime, and to preserve his qualification if only convicted. The legislation of 1876 and 1879 was designed to affect the existing rule on the subject and to abrogate it (see note to section 832 in Throop's Code [ed. 1877]); and it may well be, if the matter were at all considered in the respect mentioned, that the conviction was regarded as the first and most salient, and therefore controlling incident in the element of disqualification, as it certainly is. For these reasons it is thought that the evidence of Banfield was properly received.

It is further contended that there should be a new trial by reason of the refusal to grant a request to charge. The first count of the indictment, as we have already seen, charged the defendant with having committed a felony, and whilst so engaged, with having killed the deceased.

Section 395 of the Code of Criminal Procedure provides as follows : " A confession of a defendant, whether in the course of judicial proceedings or to a private person, can be given in evidence against him unless made under the influence of fear, produced by threats, or unless made upon a stipulation of the district attorney that he shall not be prosecuted therefor ; *but it is not sufficient to warrant his conviction without additional proof that the crime charged has been committed.*"

In reference to which the prisoner's counsel requested the court to charge :

" That in order to convict under the first count of the indictment, the jury must be satisfied beyond reasonable doubt ! 1st. A burglary or larceny was committed by the prisoner. 2. That whilst so engaged in the commission of either or both of said offenses the prisoner killed the deceased. Before the jury can consider the proposition as to killing whilst in the perpetration of a felony, they must find that there was evidence, exclusive of the confession of the prisoner, that the felony had been committed ; that the prisoner's alleged confession is not sufficient to warrant the jury in finding affirmatively that the offense of burglary or grand larceny, or both of said offenses, had been committed without additional proof on that subject."

Which the court refused, and exception was taken to such refusal.

This request at first seems formidable, but upon examination it clearly appears that the refusal to charge it was correct. The proposition is that in order to convict under the first count the jury must be satisfied that a burglary or larceny was committed by the prisoner, and whilst he was engaged in the commission of either or both, he killed the deceased.

It would have been error to charge this request, because the prisoner under the first count of the indictment might have been convicted of manslaughter, to accomplish which it would not have been necessary to establish either burglary or larceny, of which the jury were duly advised not only in the general charge but by the request of the prisoner's counsel to charge, which was granted. He requested the court to charge the jury that they could under the indictment convict the plaintiff in error of manslaughter in the

first degree, and the request was granted. If the request considered involved the proposition that in order to convict the plaintiff in error of murder in the first degree, under the first count of the indictment, it would be necessary to establish the elements expressed, it would have been erroneous to have refused to charge it. And that this was the view taken of it by the learned recorder is very clear, from the fact that the next request to charge, and which was granted, was, that if the jury found the alleged confession of the prisoner to be the only evidence of the larceny or burglary, or both of those offenses, they could not convict of murder in the first degree under the first count of the indictment.

This was charging the law of the case as formulated by the prisoner's counsel, and although it had been substantially charged before, was thus repeated. The jury were doubly instructed, therefore, that to justify a conviction of murder in the first degree, it was necessary, in accordance with the provisions of section 395 of the Code of Criminal Procedure (*supra*), to establish by sufficient proof thereof, in addition to the confession, that the crime charged had been committed, *i. e.*, that a felony had been committed by the prisoner, and that whilst engaged in the commission of it he had killed the deceased.

The questions thus discussed are those only upon which the decision of this appeal rests, and having arrived at conclusions adverse to the plaintiff in error, the judgment of the court below must be affirmed.

Daniels, J., concurred.

Present — Brady, P. J., and Daniels, J.

Judgment affirmed.